IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEPHEN VOLL** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **OBERTHUR TECHNOLOGIES OF** | : | |
| **AMERICA CORP. and FROMMEYER** | : | |
| **CONSTRUCTION SERVICES, INC.** | : | **No. 14-4152** |

**NORMA L. SHAPIRO, J.**                                                                          **August 20, 2015**

### MEMORANDUM

The issue before the court is whether to impose sanctions in accordance with Fed. R. Civ. P. 11 and 28 U.S.C. § 1927 against plaintiff's counsel, Brandon A. Swartz, Esq. ("Swartz"), for not making a reasonably adequate inquiry into factual allegations in a complaint initially filed in state court but then removed to federal court.

### I.   BACKGROUND

This personal injury action claims negligence by plaintiff Stephen Voll ("Voll") against defendant Oberthur Technologies of America Corp. ("Oberthur") and defendant Frommeyer Construction Services, Inc. ("Frommeyer). Voll was working on the Oberthur premises for his employer, Brinks, Inc., when drywall/sheetrock leaning against a wall fell and injured him. Voll and his coworker were attempting to move the drywall/sheetrock to access a dock plate to unload a shipment.

The complaint was originally filed on June 2, 2014 in the Philadelphia Court of Common Pleas by plaintiffs Stephen and Vicki Voll as husband and wife. The complaint asserted negligence and loss of consortium claims; the loss of consortium claim was improper since Vicki Voll is Stephen Voll's sister and not his wife. Oberthur, then the only named defendant, removed this action to the United States District Court for the Eastern District of Pennsylvania.

Following a status conference and second settlement conference before Magistrate Judge Angell, the court ordered counsel for the plaintiff to show cause why he should not be sanctioned for alleging: in the caption of the complaint that plaintiff Stephen Voll is the husband of plaintiff Vicki Voll; in count II of the complaint that "[p]laintiff Vicki Voll has suffered the loss of earnings, society, consortium, and services of her husband, [p]laintiff Stephen Voll, to which she is legally entitled;" and in count II of the complaint that Vicki Voll's husband suffered injuries as a result of a motor vehicle accident.

Swartz filed a response to the show cause order. He alleged his office made an inadvertent data entry mistake into counsel's client contact system by entering Vicki Voll as Voll's wife, which carried over to the drafting and filing of the complaint. Swartz alleged Voll noticed the mistake in advance of his deposition and advised counsel. Voll and his counsel advised Oberthur's counsel by in-person communication, e-mail, and deposition testimony that Vicki Voll is Voll's sister–not Voll's wife–and that counsel for the plaintiff planned to remove the loss of consortium claim. Swartz failed to address why he alleged in his response to the show cause order that Vicki Voll's husband suffered injuries as a result of a motor vehicle accident when there was no motor vehicle accident.

On March 19, 2015, Swartz filed an amended complaint against Oberthur and Frommeyer correcting the improper factual allegations in the original complaint. Swatz removed Vicki Voll as a plaintiff, the claim for consortium, and allegations involving a motor vehicle accident.[1]

---

[1] The court could still impose sanctions under Fed. R. Civ. P. 11 after the challenged pleadings were corrected in the amended complaint because the 21 day "safe harbor" provision for a litigant to withdraw pleadings applies when a party files a motion for sanctions, not when a court *sua sponte* issues a show cause order. A court should nonetheless consider corrective action when making a decision about sanctionable conduct. *See* Rule 11 Advisory Committee Notes, 1993 Amendments, Subdivisions (b) and (c).

At a contempt hearing, Swartz admitted there were errors and misstatements in the original complaint filed in state court. He alleged a member of his office drafted the complaint, but he personally read and reviewed the complaint before it was filed. Despite his review, Swartz alleged he did not notice the incorrect factual allegations stating Voll was injured in a motor vehicle accident. He also contended he did not realize the loss of consortium claim was improper. Swartz alleged he only communicated with Voll prior to the conference on the phone, and had never asked Voll if he was married. Swartz contended neither he nor Voll sought intentionally to prosecute a loss of consortium claim on behalf of someone who was not Voll's wife.

## II.     DISCUSSION

### A.     Sanctions under Fed. R. Civ. P. 11

Federal Rule of Civil Procedure 11(b) permits a district court to sanction parties or attorneys if "a pleading, written motion, or other paper...[is] presented for any improper purpose[;]...the claims, defenses, and other legal contentions are [un]warranted by existing law[;]...the factual contentions have [no] evidentiary support[;] [or]...the denials of factual contentions are [un]warranted on the evidence."

Rule 11 "imposes a non-delegable duty upon the signing attorney to conduct his own independent analysis of the facts and laws which forms the basis of a pleading or motion," *Garr v. U.S. Healthcare, Inc.*, 22 F.3d 1274, 1277 (3d Cir. 1994), and "provides that attorneys may be sanctioned if they, among other things, fail to make a reasonable inquiry into the legal legitimacy of the pleading." *Ario v. Underwriting Members of Syndicate 53 of Lloyds*, 618 F.3d 277, 297 (3d Cir. 2010).

When evaluating conduct allegedly in violation of Rule 11, "a district court must determine

whether the attorney's conduct was objectively reasonable under the circumstances." *Id.* at 297. Reasonableness is the "objective knowledge or belief at the time of the filing of a challenged paper that the claim was well grounded in law and fact." *Ford Motor Co. v. Summit Motor Products, Inc.*, 930 F.2d 277, 289 (3d Cir. 1991). The court should impose sanctions only "in the exceptional circumstances where a claim or motion is patently unmeritorious or frivolous." *Doering v. Union County Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988).

Pleading that Voll was injured in a motor vehicle accident or that Vicki Voll was deserving of compensation for loss of consortium was not grounded in fact or viable. The insufficiency of these claims would have become readily apparent and easily avoided with a more careful reading of the complaint and a more thorough discussion with Voll. Since Swartz's conduct was not intentional or malicious, and he did not persist with the claims once it became apparent they lacked evidentiary support, the court will not impose sanctions under Fed. R. Civ. P. 11. A reprimand of Swartz during the contempt hearing, and Swartz's assurance that he will more carefully review complaints in the future, suffice to deter similar conduct by Swartz and his firm.

### B.     Sanctions under 28 U.S.C. § 1927

Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

A court must find bad faith on the part of counsel to impose sanctions under § 1927. *Grider v. Keystone Health Plan Cent., Int.*, 580 F.3d 119, 142 (3d Cir. 2009).

Monetary sanctions under 28 U.S.C. § 1927 are limited to "excess costs, expenses and

attorney's fees reasonably incurred." Oberthur's counsel stated he did not incur any costs from plaintiff's unsubstantiated factual allegations. Swartz's preparation for this action was sloppy and cursory. He failed to make a reasonable and adequate inquiry into the facts before filing the complaint in state court. If a careful reading of the complaint had preceded its filing, the factual misstatements would have been avoided. Counsel has acknowledged the false pleadings were mistakes, there has been no multiplicity of proceedings aside from participation in the proceedings addressing potential sanctions, the errors were corrected in the amended complaint, and Oberthur's counsel has not alleged fees and costs attributable to the sanctionable conduct. The court declines to impose sanctions under 28 U.S.C. § 1927.